```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

```
UNITED STATES OF AMERICA     *
                             *
v.                           *   Criminal Action No. WMN-93-18
                             *   Civil Action No. WMN-14-1967
ADEWALE JOHNSON ALADEKOBA    *
                             *
                             *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM AND ORDER**

Before the Court is the Government's Motion to Dismiss Defendant Adewale Johnson Aladekoba's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 450.  The relevant procedural history is as follows.

On March 11, 1994, this Court sentenced Mr. Aladekoba to a term of life imprisonment under the then-applicable mandatory sentencing guidelines.  Mr. Aladekoba has since filed several motions under § 2255 which were denied.  See ECF Nos. 309 (filed April 26, 1999), 409 (filed March 23, 2012), and 413 (filed June 12, 2012).  Without leave from the Fourth Circuit, Aladekoba filed this motion on the ground that the Supreme Court's holding in Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), retroactively applies to his sentencing.

Under 28 U.S.C. § 2244, a petitioner may file a second or successive habeas corpus petition only if he has first obtained an order from the appropriate circuit court authorizing the

district court to consider his application.  See 28 U.S.C. § 2244(b)(3).  Despite Mr. Aladekoba's argument to the contrary,[1] the pending Petition is successive and this Court may not consider it until the Court of Appeals for the Fourth Circuit enters an order authorizing the district court to do so.  See id.; see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997).  Because it does not appear that Petitioner has obtained such authorization, the instant Motion will be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

Accordingly, it is this 20th day of April, 2015, ordered that:

(1) United States' Motion to Dismiss, ECF No. 450, is GRANTED;

(2) Defendant Adewale Johnson Aladekoba's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 445, is DISMISSED WITHOUT PREJUDICE as a successive writ;

---

[1] Mr. Aledekoba argues that Panetti v. Quarterman, 551 U.S. 930 (2007), establishes that his § 2255 petition is not successive under the Antiterrorism and Effective Death Penalty Act (AEDPA). Panetti, however, addressed the "unusual posture" of whether a state's death-row prisoner was required to file a habeas petition on the ground of mental insanity before such insanity occurred.  Here, unlike Panetti, Mr. Aledekoba will not run the risk of "forever losing [his] opportunity for any federal review" of his claim if required to seek out Fourth Circuit approval.  See id. at 946.

(3) Defendant Aladekoba's civil case, No. WMN-14-1967, is CLOSED; and

(4) The Clerk of Court shall transmit a copy of this Memorandum and Order to Defendant and all counsel of record.

                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge